**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2088**

SSS ENTERPRISES, INC., trading as Franconia International
Shell; MISHBA, INC., trading as Landmark Shell; O&MK, INC.,
trading as K Shell Foodmart; HILY, INC., trading as Mt.
Vernon Shell; GLOBAL TRADING NETWORK, LTD., trading as
Hemkund Exxon, trading as Broad Exxon; NORTHERN VIRGINIA
OIL COMPANY, INC., trading as Edsall Park Exxon; FRANCONIA
SQUARE, LLC, trading as Franconia Shell; 6948 KING, LLC,
trading as Hayfield Exxon; AHZ OF CHANTILLY, INC., trading
as Briar Oaks Exxon; BANK SOIL, INC., trading as Vienna
Exxon; PS & AS, INC., trading as Seminary Plaza Exxon;
ARLINGTON HILLCREST, INC., trading as Arlington Exxon;
JEAWAN, INC., trading as Pinecrest Exxon; VAN DORN AUTO
SERVICE, INC., trading as Van Dorn Exxon; PRIME AUTO, INC.,
trading as Woodlawn Shell; METROIL, INC., trading as
Watergate Exxon; GEORGETOWN-WISCONSIN, INC., trading as
Georgetown Exxon; FLORIDA AVE, INC., trading as Florida
Ave. Exxon; D.C. OIL, INC., trading as DC Oil Exxon; N&B
COMPANY, LLC, trading as Cleveland Park Exxon; AHMAD &
AHMAD ENTERPRISES, INC., trading as East Capitol Exxon;
TICUT CORPORATION, trading as Connecticut Exxon; WILFORD R.
BOWES FAIRLINGTON TEXACO, INC., trading as Shirlington
Shell; SYED A. ALI,

              Plaintiffs - Appellants,

     and

AAR ENTERPRISES, INC., trading as Alexandria Exxon, trading
as Alexandria Exxon North; BAIG OIL, INC., trading as West
Side Exxon; JJZ ENTERPRISES, INC., trading as Capitol Hill
Exxon; A&H CORPORATION, INC., trading as Hayfield Exxon;
ALINA ENTERPRISES, INC., trading as Congressional Exxon,

              Plaintiffs,

     v.

NOVA PETROLEUM REALTY, LLC; NOVA PETROLEUM REALTY, INC.; NOVA PETROLEUM SUPPLIERS, LLC; BURKE PETROLEUM REALTY, LLC; MOUNT VERNON PETROLEUM REALTY; CAPITOL PETROLEUM GROUP, LLC; EYOB MAMO; DAVID CALHOUN; NOVA PETROLEUM SUPPLIERS, INC.; ANACOSTIA REALTY, LLC,

Defendants - Appellees.

───────────────

Appeal from the United States District Court for the Eastern District of Virgina, at Alexandria. Claude M. Hilton, Senior District Judge. (1:11-cv-01134-CMH-JFA)

───────────────

Submitted: June 4, 2013                    Decided: July 19, 2013

───────────────

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Peter L. Goldman, O'REILLY & MARK, P.C., Alexandria, Virginia, for Appellants. Alphonse M. Alfano, BASSMAN, MITCHELL & ALFANO, CHARTERED, Washington, D.C., for Appellees.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

SSS Enterprises, Inc. and 26 other gas station operators in the District of Columbia and Northern Virginia commenced this antitrust action against a group of wholesale distributors, who sold the plaintiffs Shell and Exxon branded gasoline and who, for most of the plaintiffs, leased them the gas stations from which they operated. In their third amended complaint, the plaintiffs alleged monopolization, attempted monopolization, predatory pricing, and discriminatory pricing, in violation of the Sherman Act and related statutes. They also alleged breach of contracts for the maintenance of various gas stations.

At a pretrial conference, the district court ordered that the plaintiffs file their expert disclosures, as required by Federal Rule of Civil Procedure 26(a)(2)(B), by January 27, 2012. That rule requires that unless otherwise exempted, the disclosures "must be accompanied by a written report -- prepared and signed by the [expert] witness." Fed. R. Civ. P. 26(a)(2)(B). The rule also requires that the report contain all opinions of the expert witness and the reasons for them; the facts and data supporting them; the exhibits supporting them; the expert witnesses' qualifications; a list of prior cases in which the expert witness has testified; and the compensation being provided the witness. See Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

3

The plaintiffs failed to comply with the deadline established by the court, filing their disclosures on January 31, 2012. On February 2, 2012, they filed a motion for leave to have filed their disclosures late, which the district court granted. The defendants nonetheless moved to strike the late disclosures, not because they were late but because they did not include the experts' reports. The district court granted that motion. The plaintiffs filed a supplemental expert statement with the reports from two of their three experts and, on March 1, 2012, filed a motion to file those reports late. The district court, applying the five-factor test from Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592 (4th Cir. 2003), denied the motion.

After the close of discovery, the defendants filed two motions for summary judgment, arguing, among other things, that the plaintiffs failed to produce "admissible evidence to support any of their Sherman Act or Robinson-Patman Act claims," and that the plaintiffs failed to produce any admissible evidence to establish damages on their breach of contract claim. The district court granted the motions, entering judgment for the defendants, and this appeal followed.

The plaintiffs contend that the district court (1) abused its discretion in excluding the reports of its expert witnesses

4

and (2) erred in granting defendants' motions for summary judgment.

As to the district court's ruling on the expert witness reports, we conclude that the court did not abuse its discretion. The federal rules impose an "automatic sanction" of exclusion of a party's expert witness for failure to adhere to the requirements set forth in Rule 26(a). See Southern States, 318 F.3d at 595 n.2. ("The Rule 37(c) advisory committee notes emphasize that the automatic sanction of exclusion provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence") (internal quotation marks and citation omitted). Even though the court gave the plaintiffs additional time within which to file their disclosures, the disclosures were simply noncompliant.

The plaintiffs argue that Rule 26(e), providing that the party has a duty to supplement or correct its disclosures, authorized them to file their reports late. But Rule 26(e) supplementation is meant only "to add additional or corrective information," not to correct the deficient filing. Campbell v. United States, 470 F. App'x 153, 157 (4th Cir. 2012) (per curiam) (internal quotation marks and citation omitted). Here, the supplemental expert disclosure was not supplementing anything -- it was, for the first time, including reports that had been required earlier.

5

Under Rule 37(c)(1), the plaintiffs had the burden of justifying their noncompliance by showing that it "was either substantially justified or harmless."  See Carr v. Deeds, 453 F.3d 593, 602 (4th Cir. 2006).  But we agree with the district court that in this case the plaintiffs failed to make that showing.  See Saudi v. Northrop Grumman Corp., 427 F.3d 271, 278 (4th Cir. 2005).

We also affirm the district court's order granting the defendants' summary judgment motions.  The plaintiffs failed to present evidence of relevant markets, of the defendants' monopoly power or the probability of their obtaining it, and the defendants' conduct in excluding competition.  In addition, on their allegations of the defendants' "price squeeze," the plaintiffs provided no pricing information.  Finally, they failed to establish antitrust injury.

On the breach of contract claim, the plaintiffs presented no evidence that they were damaged by breach of any of the contracts.  While they did present some evidence with respect to lost revenue, they never completed their showing by establishing that lost revenue amounted to lost profit.  See Banks v. Mario Industries. of Virginia, Inc., 650 S.E.2d 687, 696 (Va. 2007).

The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED